UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GRACE C. STEPHENSON a/k/a
GRACE C. JOHNSON,

        Plaintiff,

v.

CHILDREN'S HOSPITAL OF
WISCONSIN a/k/a CHILDREN'S
HOSPITAL OF WISCONSIN INC.,

        Defendant.

Case No. 24-CV-100-JPS

**ORDER**

---

**1.    INTRODUCTION**

On January 25, 2024, pro se Plaintiff Grace C. Stephenson a/k/a Grace C. Johnson ("Plaintiff") sued Defendant Children's Hospital of Wisconsin a/k/a Children's Hospital of Wisconsin Inc. ("Defendant" or "Children's Hospital") ECF No. 1. Plaintiff also moves for leave to proceed in forma pauperis and for a "settlement demand." ECF Nos. 2, 4. Those motions, and the screening of Plaintiff's pro se complaint, are now before the Court. For the reasons discussed herein, the Court will dismiss the case without prejudice, deny the motion for leave to proceed in forma pauperis and the motion for settlement demand as moot, and impose a filing bar on Plaintiff.

**2.    MOTION TO PROCEED IN FORMA PAUPERIS**

On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding in forma pauperis "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion,

would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In her motion, Plaintiff avers that she is unemployed and unmarried. ECF No. 2 at 1. She has no living dependents. *Id.* Plaintiff attests that social security is her sole income, in the amount of roughly $1,667 per month. *Id.* at 2. She pays roughly $388 per month in rent, roughly $370 per month in car payment on her 2013 vehicle (the value of which she estimates is $4,000), $25–$100 per month in credit card payment, and over $800 per month in other miscellaneous costs including groceries, medical bills, and utilities. *Id.* at 2–3. She has $370 in savings and owns no property of value. *Id.* at 3–4.

The Court is satisfied that Plaintiff is indigent. However, the inquiry does not end there; the Court must also screen the complaint.

3.  **SCREENING**

    3.1  **Standards**

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

### 3.2 Plaintiff's Allegations

The factual allegations in Plaintiff's complaint are sparse, but the Court gleans the following, aided by the fact that Plaintiff has filed essentially the same case no less than five times, including with this Court in October 2023. *See Grace C. Stephenson v. Childrens Hosp. of Wis. Inc.*, No. 23-cv-1446-JPS (E.D. Wis. Oct. 30, 2023) (hereinafter "Case No. 23-CV-1446-JPS").[1] In 2020, Plaintiff's twenty-one-year-old daughter, Christina, was a patient at Children's Hospital for heart treatment. Christina presented to Children's Hospital for "pre-heart transplant evaluation" and underwent orthotopic heart transplantation on March 5, 2020. Complications ensued. Two days after the surgery, Christina "succumbed to hypotension and shock . . . ." She died on March 7, 2020.

Plaintiff has repeatedly sought damages in federal court, including for pain and suffering, for the death of her daughter. Her instant complaint does not specify the claims that she intends to raise, but most recently before this Court and before the Honorable Judge Lynn Adelman, she purported to sue under 42 U.S.C. Ch. 157 ("Quality, Affordable Health Care

---

[1] The following factual background is drawn from the Court's order screening Plaintiff's complaint in Case No. 23-CV-1446, ECF No. 13. Internal citations thereto are omitted for brevity.

For All Americans") and 15 U.S.C. Ch. 47 ("Consumer Product Safety"). *See Grace C. Stephenson v. Children's Hospital of Wisconsin,* No. 23-CV-1504-LA (E.D. Wis. Nov. 13, 2023) (hereinafter "Case No. 23-CV-1504-LA"), ECF No. 12 at 2 (noting that the complaint in that case appeared to have been largely photocopied from the complaint submitted in Case No. 23-CV-1446-JPS).

### 3.3 Analysis

Not including the instant case and Case No. 23-CV-1446-JPS, Plaintiff has sued Defendant no less than six times in the last six years over Christina's treatment and death.[2] On October 16, 2023, the Honorable Chief Judge Pamela Pepper dismissed one such case without prejudice for lack of subject matter jurisdiction, writing that Plaintiff's allegations were insufficient "to demonstrate that the court has federal question jurisdiction." *Stephenson v. Children's Hosp. of Wis.*, 23-CV-272-PP (E.D. Wis. Oct. 16, 2023), ECF No. 54 at 6. Plaintiff had alleged in that case that "the medical professionals involved in" Christina's care at Children's Hospital committed negligence resulting in Christina's death. *Id.*, ECF No. 1 at 2–4.

The day after that dismissal, Plaintiff re-filed her case in federal court. *See Stephenson v. Children's Hosp. of Wis. Inc.,* 23-CV-1384-PP (E.D. Wis. Oct. 17, 2023). Chief Judge Pepper again dismissed the case without prejudice for lack of subject matter jurisdiction, again concluding that,

---

[2]*See Stephenson v. Children's Hosp. of Wis.,* 23-CV-1504-LA (E.D. Wis. Nov. 13, 2023); *Stephenson v. Children's Hosp. of Wis.,* 23-CV-272-PP (E.D. Wis. Feb. 28, 2023); *Stephenson v. Children's Hosp. of Wis. Inc.,* 23-CV-1384-PP (E.D. Wis. Oct. 17, 2023); *Stephenson Johnson v. Children's Hosp. of Wis.,* 17-CV-942-JPS (E.D. Wis. July 11, 2017); *Stephenson Johnson v. Children's Hosp. of Wis. Org. et al.,* 18-CV-51-LA (E.D. Wis. Jan. 9, 2018); *Stephenson Johnson v. Childrens Hosp. of Wis.,* 18-CV-117-LA (E.D. Wis. Jan. 23, 2018).

notwithstanding Plaintiff's bare invocation of 28 U.S.C. § 1331, the facts alleged did not involve federal claims. *Id.*, ECF No. 15.

Mere days after that dismissal on October 27, 2023, Plaintiff re-filed her case, and it was assigned to this Court. *See* Case No. 23-CV-1446-JPS. This Court found that which had already been determined by Chief Judge Pepper: "[t]he facts that Plaintiff alleges . . . fail to implicate federal question jurisdiction . . . ." *Id.*, ECF No. 13 at 7. The Court explicitly warned Plaintiff that she "should refrain from attempting to re-file this case in federal court" and that "[s]hould she again attempt" to re-file, "she may run the risk of having a filing bar imposed against her." *Id.* at 8 (citing *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003)).

Notwithstanding this Court's dismissal of her case and explicit warning that she should not re-file it in federal court, Plaintiff immediately did just that. Her case went before Judge Adelman, who again confirmed that Plaintiff's case demonstrated neither federal question nor diversity jurisdiction and could not therefore remain in federal court. Case No. 23-CV-1504-LA, ECF No. 12 at 3–4. Judge Adelman noted that his "order d[id] not preclude [P]laintiff from refiling her claims in state court if she" so desired. *Id.* at 4. He also renewed this Court's warning that if Plaintiff continued to file the same suit in federal court notwithstanding the deficiencies of which Plaintiff had repeatedly been put on notice, "she runs the risk of having a filing bar imposed against her," generously declining to actualize that which this Court foreshadowed. *Id.* at 4–5 (citing *In re Chapman*, 328 F.3d at 905).

Plaintiff promptly disregarded that renewed warning and proceeded to, again, re-file her case in federal court. It comes again before this Court, and it does so for the last time. "[A]lthough dismissal for want

of subject-matter jurisdiction . . . is without prejudice, a suit dismissed on that ground cannot be refiled in the same court . . . ." *Arrow Gear Co. v. Downers Grove Sanitary Dist.*, 629 F.3d 633, 637 (7th Cir. 2010) (citing *Manez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 583–84 (7th Cir. 2008)); *Hill v. Potter*, 352 F.3d 1142, 1146–47 (7th Cir. 2003) ("Dismissals for want of subject-matter jurisdiction are always denominated without prejudice . . . [b]ut they are preclusive with respect to the jurisdictional ruling, . . . as otherwise the plaintiff would be free to refile the identical case in the same court.") (internal citations omitted).

Plaintiff has now several times disregarded the directive of both this Court and that of other courts in this District to refrain from repeatedly re-filing this case in federal court. Each time her case has recently been dismissed, she has refiled it almost immediately, making it apparent that she is not undertaking any genuine revision that would potentially justify her decision to re-file. Instead, she receives the dismissal order and files essentially, if not precisely, a carbon copy of the same suit. This is an abuse of both the federal forum and the judicial process.

The right of access to the federal courts is not absolute. *In re Chapman*, 328 F.3d at 905. Plaintiff has repeatedly and flagrantly abused that access. It is the Court's responsibility to allocate its limited resources in a way that promotes the interests of justice. *In re McDonald*, 489 U.S. 180, 184 (1989). That aim cannot be achieved if, as Plaintiff would have it, the Court is forced to dedicate a disproportionate amount of its resources to repeatedly addressing the same dispute by the same litigant. The Court is accordingly entitled to implement filing bars that are "narrowly tailored to the type of

abuse" and that do not "bar the courthouse door absolutely." *Chapman v. Exec. Comm.*, 324 Fed. App'x 500, 502 (7th Cir. 2009) (collecting cases).[3]

Clearly, dismissing Plaintiff's actions and instructing her clearly that they cannot be refiled has not been enough to prevent her from re-filing. *See Biesse v. Baumann,* Nos. 19-CV-606-PP, 19-CV-690-PP, 19-CV-760-PP, 2020 U.S. Dist. LEXIS 34952, at *6 (E.D. Wis. Feb. 28, 2020) (imposing filing bar after concluding that "dismissing [the plaintiff's] current lawsuits will not be enough to prevent him from filing . . . lawsuits in the future"). The Court will therefore bar Plaintiff from re-filing in this District any action against Children's Hospital of Wisconsin or any of its employees or agents relating to Christina's treatment and/or death. The Clerk of Court will be directed to return unfiled any such filings. Such a filing bar "does not bar the courthouse door to [Plaintiff] but, rather, allows [her] meaningful access while preventing repetitive or frivolous litigation." *In re Chapman*, 328 F.3d at 905. Neither this Order nor this filing bar prevents Plaintiff from seeking relief before the state courts.

4. **CONCLUSION**

In light of the foregoing, the Court will dismiss this case without prejudice and deny as moot Plaintiff's motion for leave to proceed in forma pauperis. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court again extends its condolences to Plaintiff regarding Christina's death. Nevertheless, and as Chief Judge Pepper, Judge Adelman, and this

---

[3] A non-monetary sanction such as a narrow filing bar is appropriate since Plaintiff is indigent. *See supra* Section 2; *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) ("Monetary sanctions are generally not as effective against a pro se plaintiff proceeding as a pauper . . . .").

Court previously noted, Plaintiff's case is not appropriate for the federal forum. *E.g.*, *Stephenson v. Children's Hosp. of Wis. Inc.*, 23-CV-1384-PP (E.D. Wis. Oct. 27, 2023), ECF No. 15 at 6–7.

Accordingly,

**IT IS ORDERED** that Plaintiff's Grace C. Stephenson a/k/a Grace C. Johnson's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS ORDERED** that Plaintiff Grace C. Stephenson a/k/a Grace C. Johnson's motion for settlement demand, ECF No. 4, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Grace C. Stephenson a/k/a Grace C. Johnson be and the same shall hereby be **BARRED** from filing in this District any action against Children's Hospital of Wisconsin or any of its employees or agents relating to Christina's treatment and/or death; the Clerk of Court is directed to return unfiled any such filings received from Plaintiff; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 8 of 9
Case 2:24-cv-00100-JPS   Filed 01/30/24   Page 8 of 9   Document 5

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.